**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 23 B 02003 |
| | ) | |
| George Naranjo | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| Angel Martinez | ) | |
| | ) | Adv. No. 23 A 124 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge David D. Cleary |
| George Naranjo | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Angel Martinez ("Plaintiff") filed a three-count complaint against Defendant

George Naranjo ("Defendant"), seeking an award of compensatory damages and an order finding

those damages nondischargeable.  Defendant filed a motion to dismiss the complaint ("Motion"),

which this Court granted.  Plaintiff then filed his first amended complaint ("Amended

Complaint").  Defendant responded by filing another motion to dismiss under Fed. R. Civ. P.

12(b)(6), asserting that each count should be dismissed because Plaintiff failed to state a claim

for relief and seeks dismissal with prejudice.  The court entered a briefing schedule, Plaintiff

filed a response ("Response"), and Defendant filed a reply ("Reply").  Having reviewed the

Amended Complaint as well as the papers filed, the court finds that the Amended Complaint

states a claim for relief in Counts I and II but fails to state a claim for relief in Count III.

Accordingly, the Motion is granted in part and denied in part.

## I.  JURISDICTION

This court has subject matter jurisdiction under 28 U.S.C. § 1334 and the district court's Internal Operating Procedure 15(a).  Venue is proper under 28 U.S.C. § 1409(a).

## II.  BACKGROUND

In resolving a motion to dismiss, the court considers well-pleaded facts and the reasonable inferences drawn from them in the light most favorable to the plaintiff.  *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).  Every allegation that is well-pleaded by a plaintiff is taken as true in ruling on the motion.  *See Berger v. Nat'l Collegiate Athletic Ass'n*, 843 F.3d 285, 289-90 (7th Cir. 2016).  For purposes of deciding this Motion, the court accepts the following well-pleaded facts as true:

Defendant solicited investment monies from Plaintiff.

Plaintiff and Defendant met multiple times to discuss Plaintiff investing with Defendant.

Defendant solicited investment funds, stating that he had excellent strategies for investments that were secured and paid substantial returns.  He also represented that if there was a loss of any monies tendered, Defendant owned property that could be sold to payback the losses.  Plaintiff told Defendant he wanted a minimal risk investment.  Defendant represented that the risk was minimal and the investments secure.

In June and October 2018 and again in March 2019, Defendant represented to Plaintiff that he would invest the money and pay Plaintiff in full, with interest.  Defendant represented that he would make a small amount on the investing.  Defendant would repay pursuant to certain written agreements signed by both parties.  Defendant represented he had property in his name to cover any loss of monies tendered.

A contract was signed by the parties on June 1, 2018.

2

Relying on Defendant's statements, Plaintiff tendered the following amounts to Defendant:

$70,000 in June 2018

$30,000 in October 2018

$10,000 in March 2019

In the winter of 2019, Defendant also approached Plaintiff regarding an investment of additional funds in a car wash. Defendant offered the investment opportunity on a no fee or commission basis. Plaintiff and his wife, however, informed Defendant that they were investing with Defendant and not the car wash owner. This conversation led to the March 2019 payment and contract, which was solely between Plaintiff and Defendant.

Plaintiff made several attempts to have the funds repaid. Defendant paid Plaintiff $30,000 of the principal from the June 2018 payment and has made no repayment of the funds tendered in October 2018 and March 2019. In 2022, Defendant told Plaintiff that Defendant gave "Plaintiff's money to a person of Chinese ancestry named 'Bill' for investment" and that Bill was out of contact. Neither the car wash owner nor "Bill" ever existed.

Defendant has ceased communicating with Plaintiff.

Defendant had no intent to invest Plaintiff's money, instead intending to abscond with the funds. The amount Defendant did payback was to keep Plaintiff from understanding the fraud.

Plaintiff suffered the loss of his $80,000.

### III.  DISCUSSION

To defeat a motion to dismiss, a complaint must describe the claim in enough detail to give notice to the defendant. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, it must be "plausible on its face." *Id.* at 570. "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A complaint need only offer "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), unless the subject matter of that pleading implicates a heightened standard. *See* Fed. R. Civ. P. 9. The circumstances supporting an action sounding in fraud must be articulated with particularity under Rule 9.

## A. Count One – 11 U.S.C. § 523(a)(2)(A)

The first count of the Amended Complaint is brought under 11 U.S.C. § 523(a)(2)(A), which states:

> (a)      A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- …
>
> > (2)      for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
> >
> > > (A)      false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A)

For this claim for relief to survive a motion to dismiss, Plaintiff must plausibly allege: (1) Defendant made a false representation or omission; (2) he knew that representation was false or he made it with reckless disregard for the truth; (3) he made the statement with the intent to deceive Plaintiff; and (4) Plaintiff justifiably relied on the representation. *See Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010); *Handler v. Moore* (*In re Moore*), 620 B.R. 617, 627 (Bankr. N.D. Ill. 2020).

While "it is only necessary to set forth a basic outline of fraud in order to alert the defendant of the purported fraud he is defending against[,]" *New Century Bank v. Carmell* (*In re Carmell*), 424 B.R 401, 412 (Bankr. N.D. Ill. 2010), some level of particularity is required by

Fed. R. Civ. P. 9. "Particularity means the who, what, when, where, and how of the fraud … ."

*Schneider v. Billon* (*In re Billon*), No. 20 A 413, 2021 WL 2908970, at *3 (Bankr. N.D. Ill. July

12, 2021) (quotation omitted). "[F]raud requires more than [a] breach of promise … ." *U.S. ex*

*rel. Main v. Oakland City Univ.*, 426 F.3d 914, 917 (7th Cir. 2005). "[F]ailure to honor one's

promise is (just) breach of contract, but making a promise that one *intends* not to keep is fraud."

*Id.*

In his Motion, Defendant focuses on the Rule 9(b) particularity requirement, arguing

Plaintiff has failed to meet that requirement. Defendant notes there is no copy of the alleged

contract attached to the complaint and the complaint lacks specific terms of the contract such as

the interest rate and dates of repayment. Defendant also argues the complaint fails to note other

key facts including: what investments Defendant claimed he would make, what investments

Defendant was allowed to make under the contract, what the definition of a 'high-risk' or 'low-

risk' investment is, or the name of the carwash. In his Reply, Defendant argues Plaintiff failed to

allege facts including what the 'substantial return' promised by Defendant was, what properties

Defendant represented that he owned, and what specific restaurant did Defendant and Plaintiff

meet at in Spring 2018.

In response to the Motion, Plaintiff refers to paragraphs 5-8, 10, 12, and 13 of the

Amended Complaint. Plaintiff argues these allegations concerning meetings, representations,

and the results contain all elements required to meet the pleading standard required by Fed. R.

Civ. P. 9. Plaintiff also argues the allegations present a clear fraudulent scheme, as Defendant

never intended to repay Plaintiff or make investments, and instead planned on "absconding" with

the money. *See* Amended Complaint, ¶¶ 22, 23, Adv. Dkt. No. 34-1. Although the agreement is

not attached to the Amended Complaint, Plaintiff contends that "the contracts were mere tools,

5

as Defendant never intended to meet them[,]" Response, p. 6, and that the fraud is alleged through the Defendant's entire scheme, meaning the terms are not needed.

The allegations in the Amended Complaint are sufficient to state a claim under section 523(a)(2)(A). The Amended Complaint puts Defendant on notice. Plaintiff pleaded the who, what, where, when, and how required to state a claim of for fraud under Fed. R. Civ. P. 9(b). The who: Plaintiff and Defendant. The what: they entered into an agreement where Plaintiff would give Defendant money to invest in exchange for Defendant repaying the money plus interest. The where: Plaintiff amended the allegations to include specific meeting locations, his house and a Starbuck's in Melrose Park, where Defendant gave investment "pitches," including one in Spanish. The when: The Amended Complaint sets forth periods in 2018 through 2019, with the initial contract being signed June 1, 2018. The how: Defendant misrepresented and lied about what he intended to do with the money and, from the initial "pitch," planned to obtain as much investment funds as possible before he "absconded." Plaintiff alleges a $30,000 principal payment was an attempt to keep Plaintiff from understanding the fraud. Defendant's alleged story about a person of Chinese ancestry named Bill and about a carwash were both false and intended only to solicit additional monies from the Plaintiff.

With the allegations provided, Plaintiff provides detail to put Defendant on notice of the claims. The Amended Complaint sets forth what is at issue and with particularity sufficient to prepare a defense.

Based on the Plaintiff's allegations in his Amended Complaint, the court finds that Plaintiff has pleaded a claim for relief under section 523(a)(2)(A). The court will deny the motion to dismiss Count One.

**B.  Count Two – 11 U.S.C. § 523(a)(6)**

The second count of the Amended Complaint is brought under 11 U.S.C. § 523(a)(6),

which states:

> (a)    A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b)
> of this title does not discharge an individual debtor from any debt-- …
>
> > (6)    for willful and malicious injury by the debtor to another entity or to
> > the property of another entity[.]

11 U.S.C. § 523(a)(6)

For his claim for relief under section 523(a)(6) to survive a motion to dismiss, Plaintiff

must plausibly allege that the Defendant acted with the actual intent to cause injury, not just an

intent to act which then led to an injury.  *See Kawaauhau v. Geiger*, 523 U.S. 57, 61-64 (1998).

As our Circuit later explained, "a willful and malicious injury, precluding discharge in

bankruptcy of the debt created by the injury, is one that the injurer inflicted knowing he had no

legal justification and either desiring to inflict the injury or knowing it was highly likely to result

from his act."  *Jendusa–Nicolai v. Larsen*, 677 F.3d 320, 324 (7th Cir. 2012).

Count II of the Amended Complaint relies on the same facts as Count I.  Section

523(a)(6) "excepts debts resulting from intentional torts."  *Groom v. Krook* (*In re Krook*), 615

B.R. 479, 487 (Bankr. N.D. Ill. 2020).  Fraud is an intentional tort and can support a claim for

relief under § 523(a)(6).  *Id*.  Here, Plaintiff alleges Defendant took Plaintiff's money with

falsehoods and intended to injure the Plaintiff and "abscond" with it.  This is not an allegation of

an investment gone bad or only a breach of contract, but instead a fraudulent scheme.

For the reasons stated above, the court will deny the motion to dismiss as to Count II.


**C.  Count Three – 11 U.S.C. § 523(a)(19)**

7

The third count of the Amended Complaint is brought under 11 U.S.C. § 523(a)(19), which states:

> (a)    A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-- …
>
>   (19) that--
>
>     (A) is for--
>
>       (i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or
>
>       (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; *and*
>
>     (B) results, before, on, or after the date on which the petition was filed, from--
>
>       (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>
>       (ii) any settlement agreement entered into by the debtor; or
>
>       (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor[.]

11 U.S.C. § 523(a)(19) (emphasis added).

For his claim for relief under section 523(a)(19) to survive a motion to dismiss, Plaintiff must plausibly allege that Defendant "committed a state or federal securities law violation; or common law fraud, deceit or manipulation in connection with the purchase or sale of any security." *Filian v. Jansma* (*In re Jansma*), No. 09 BK 07071, 2010 WL 282511, at *6 (Bankr. N.D. Ill. Jan. 21, 2010).

In an attempt to satisfy section 523(a)(19)(A), Plaintiff alleges in paragraphs 37 and 38 that Defendant's actions violated federal securities law (section 10(b) of the Securities and

Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5(c), 17 CFR § 240.10b-5) relating to the sale of securities or, in the alternative, Defendant's actions involved fraud, deceit, or manipulation and were taken in connection with the purchase or sale of securities.  A security is "broadly defined to include, among other things, investment contracts." *Sec. & Exch. Comm'n v. Sneed*, No. 3:20-CV-2988-S-BH, 2021 WL 4202171, at *6 (N.D. Tex. Sept. 10, 2021), *report and recommendation adopted*, 2021 WL 4408425 (N.D. Tex. Sept. 27, 2021).  In 1946, the Supreme Court defined an investment contract as a scheme whereby a person invests money in a common enterprise and is led to expect profits produced solely by the efforts of others.  *See S.E.C. v. W.J. Howey Co.*, 328 U.S. 293, 298-99 (1946).

Despite additional allegations, the Amended Complaint again does not contain allegations that would support the inference that the parties entered into an investment contract or other security.  Plaintiff added language alleging that the money paid was "investment monies" or "for investment," that Defendant "had excellent strategies for investment," and that Plaintiff could invest in a car wash.

For Count III to survive a motion to dismiss, the terms of the investment, how the returns would be credited, and by whose efforts the performance would be made are essential to establish that a security was sold.  What were the terms of the investment?  Did the contract have sufficient language to ensure Defendant knew it was an investment contract?

Plaintiff alleges that he invested money.  Plaintiff alleges that he tendered funds to Defendant and expected repayment with interest by a specific date.  There are no non-conclusory allegations that show Plaintiff was investing money in a common enterprise.  While the investment with the allegedly fake car wash might meet that threshold, the allegations suggest

9

Plaintiff intentionally did not invest money in that car wash and instead invested solely with Defendant.

The Amended Complaint also has no allegations regarding how Plaintiff was led to expect that his payments would lead to profits produced solely by the efforts of Defendant or others. Plaintiff describes the drawing of "a fixed interest rate" with Defendant later repaying the funds on a specific date. Amended Complaint, ¶¶ 5, 7. As with the prior complaint, Defendant fails to answer whether the return of Plaintiff's money depends on Defendant's activities, whether Defendant had any further involvement once the funds were invested, or generally what, if anything, Defendant was expected to do with the funds. The Amended Complaint does not contain allegations describing a security.

Plaintiff has also failed to make any pleadings which allege the additional elements required by section 523(a)(19)(B). The subsection requires that the debt to be barred from discharge must result from various types of judicial orders, administrative orders, or settlements. There is some debate over whether a bankruptcy court may make determinations of liability under 523(a)(19), or whether the order finding liability must come from outside the bankruptcy court. *See generally Tillman Enterprises, LLC v. Horlbeck* (*In re Horlbeck*), 589 B.R. 818, 833-34 (Bankr. N.D. Ill. 2018), *aff'd* 653 B.R. 410 (N.D. Ill. 2023) (finding "the statute authorizes bankruptcy courts to make determinations of liability under § 523(a)(19)"). *But see In re Robben*, No. 13-20814, 2022 WL 828188, at *3, Fn 11 (Bankr. D. Kan. Mar. 17, 2022) (Declining to revisit a prior ruling that "a judgment from a nonbankruptcy court on [debtor's] liability under the federal or state security laws was a prerequisite to the exception to discharge under § 523(a)(19)."). Regardless of whether the order may come from this bankruptcy court or

10

elsewhere, Plaintiff pleaded neither.  Therefore, Plaintiff failed to plead an essential element of section 523(a)(19).

The allegations in the complaint do not support a plausible claim for relief under section 523(a)(19).  The court will grant the motion to dismiss as to Count III.

**D.  Leave to Amend**

Defendant's motion not only asks for dismissal of the Amended Complaint, but also that the court dismiss the complaint with prejudice. In the Seventh Circuit, leave to amend should "be freely given … unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted … ." *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (quotation omitted).  While it is not clear that Plaintiff entered into an investment contract, the Court is not certain that any amendment would be futile. Therefore, Plaintiff is again granted leave to amend his complaint.

**IV.  CONCLUSION**

For all of the reasons stated above, the motion to dismiss the Amended Complaint is denied as to Counts I and II of the Amended Complaint and granted as to Count III of the Amended Complaint.  The court will enter an order, consistent with this ruling.

ENTERED:

Date:   June 24, 2024

_____
Honorable DAVID D. CLEARY
United States Bankruptcy Judge

11